**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe,<br><br>             Plaintiff,<br><br>v.<br><br>GoDaddy.com LLC,<br><br>             Defendant. | No. CV-25-02794-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff's Motion to Proceed Anonymously (Doc. 2, Mot.). In the Motion, Plaintiff states that she is a former employee of Defendant "who was raped and sexually harassed by a co-worker," which could generate intensive local and national media coverage, and that she was also "the victim of childhood sexual trauma, which also generated intensive local media coverage." (Mot. at 1.) She further states she "suffers significant and debilitating mental health issues" resulting from the sexual assaults. (Mot. at 2.) She contends Defendant will suffer no prejudice if she proceeds anonymously in this action because it is aware of her identity as a result of the administrative proceedings at the Equal Employment Opportunity Commission (EEOC) preceding this matter and "based on [its] communications with Plaintiff over a multi-year period on the issues described in the lawsuit." (Mot. at 2.) Plaintiff will seek entry of a protective order for the discovery phase of this case. (Mot. at 2.)

In the Ninth Circuit, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs

prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Courts should consider factors such as "the severity of the threatened harm" and "the reasonableness of the anonymous party's fears," and courts "must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured to as to mitigate that prejudice." *Id.* (addressing a request to proceed anonymously in a case of threatened retaliation).

Here, Plaintiff contends she already suffers from mental health issues resulting from the alleged sexual assaults, and intense media coverage revealing her identity could reasonably be expected to exacerbate those issues. Moreover, Plaintiff has shown that, at this stage of the litigation, Defendant will not be prejudiced if she proceeds without revealing her identity to the public, because Defendant already knows her identity and she will seek a protective order in discovery. Although the public always has an interest in judicial proceedings, at this stage Plaintiff's interest in preserving her anonymity outweighs the public's interest and any prejudice to Defendant.

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion to Proceed Anonymously (Doc. 2). All filings to the Court shall refer to Plaintiff as "Plaintiff" or "Jane Doe."

Dated this 12th day of August, 2025.

_____
Honorable John J. Tuchi
United States District Judge